## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ALLEN MAINES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 21-102J |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Maureen P. Kelly |
| MICHAEL ZAKEN, *Superintendent, SCI-Greene*; *and* | ) | |
| | ) | Re: ECF Nos. 23 and 36 |
| GREGORY J. NEUGEBAUER, *Cambria County DA*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

### **MEMORANDUM ORDER**

Jason Allen Maines ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Smithfield ("SCI-Smithfield") in Huntingdon, Pennsylvania. Petitioner timely filed the operative Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Amended Petition") on September 27, 2021. ECF No. 23. Petitioner submitted a supporting brief as an exhibit along with the Amended Petition. ECF No. 23-10. Respondents answered the Amended Petition on February 7, 2022. ECF No. 31. Petitioner timely filed a Traverse on April 11, 2022. ECF No. 35.

On July 22, 2024, United States Magistrate Judge Maureen P. Kelly issued a 67-page Report and Recommendation recommending that the Amended Petition be denied, and that a certificate of appealability be denied as well. ECF No. 36 at 1.

Petitioner timely filed Objections on August 15, 2024. ECF No. 39. The Objections largely attempt to rehash issues that were addressed adequately in the Report and Recommendation. The Objections also include instances in which they mischaracterize the reasoning of the Report and Recommendation outright. The undersigned will address two of those

instances specifically.

First, with respect to Ground Three [i] – Petitioner's claim that trial counsel was ineffective for failing to disclose his own pending DUI charges in the same court where Petitioner was facing charges – Petitioner asserts that the Report and Recommendation "reli[ed] on the state courts' perception that the Petitioner must have been satisfied with trial counsel's representation because he continued to represent him at the sentencing hearing[.]" ECF No. 39 at 2.  Petitioner does not indicate where in the Report and Recommendation this occurred, although it presumably was on pages 37 and 38 thereof, where the Report and Recommendation included a block quote from the PCRA trial court's opinion summarizing the factual background of this claim.  ECF No. 36 at 36-37.  It also is possible that it was from another block quote form the PCRA trial court's opinion reproduced in the Report and Recommendation, in which the PCRA trial court found that Petitioner's statement that he would have fired trial counsel, and had sent a termination letter to trial counsel after learning of the DUI, lacked credibility because "[Petitioner] permitted [trial counsel] to represent him at sentencing even though he had sent the termination letter prior to sentencing." Id. at 40.  The undersigned is left to guess.

A review of the Report and Recommendation shows that its analysis relied not on Petitioner's purported satisfaction with trial counsel, but instead on Petitioner's failure to establish that he was adversely affected in connection with trial counsel's DUI charges.  Id. at 39-42.  Thus, Petitioner's assertion is without support.

Second, Petitioner asserts that that the Report and Recommendation included a finding of fact that Michael Edwards knew nothing of the crimes of which Petitioner was convicted. ECF No. 39 at 4 and 14.  The passage of the Report that is cited by Petitioner is as follows

> Upon review, the record does not support the conclusion that Edwards was an unutilized source of critical exculpatory

2

information. Instead, the transcript of Edwards recantation – and his later testimony in Petitioner's PCRA proceedings – stand for the proposition that Edwards did not have knowledge of the crimes.[13]

Rather than calling Edwards so he could testify that he knew nothing of Petitioner or the crimes of February 23, 2013, trial counsel portrayed Edwards to the jury as an inadequately investigated suspect who was the true driver the night of the robbery. This is apparent in opening arguments – when he portrayed Edwards as a potential prosecution witness whose DNA had been found by police, had made prior inconsistent statements, and then recanted accusations of Petitioner's involvement in the crimes.[14] Trial Tr. dated Oct. 7, 2014, at 48-49; ECF No. 21-7 at 48-49. Trial counsel further elicited similar testimony from other witnesses at trial. Trial Tr. dated Oct. 9, 2014, at 60, 91-92, 134-137, ECF No. 21-19 at 10, 41-42, ECF No. 21-20 at 34-37. Trial counsel reiterated Edwards as a potential suspect during closing arguments:

> Michael Edwards' DNA is on that car. Jason Maines' DNA is not. But we didn't hear from Michael Edwards. We don't know what his role was. Was he the driver? I'm willing to bet that he was. I'm willing to bet that Michael Edwards was that third person involved in this crime, but the Commonwealth didn't put him on the stand because it didn't fit with their theory of the case. That would mean that it wasn't Jason Maines, the person they had been after for a year.

Trial Tr. dated Oct. 10, 2014 at 19, ECF No. 21-23 at 19.

[13] At the PCRA hearing dated February 27, 2019, Edwards testified that his initial statement inculpating Petitioner was false, that he did not know Petitioner, and that he did not remember making any written statements to police. PCRA Hr'g Tr. dated Feb. 27, 2019 at 71-74, ECF No. 21-37 at 34-37.

[14] This belies Petitioner's argument that trial counsel had failed to inform Petitioner of Edwards' statement of recantation. See ECF No. 23-10 at 31.

ECF No. 36 at 63-64 and nn 13 and 14.[1]

---

[1] A recitation of the factual background of Edwards and his relationship to the case is at Part III.D.3.b of the Report and Recommendation. ECF No. 36 at 42-46.

Read in context with the state court record, this is not a finding in the Report and Recommendation that Edwards knew nothing about the crime. ECF No. 39 at 14. Instead, it is a summary of Edwards' statements in the state court record, and an analysis of trial counsel's performance under Strickland v. Washington, 466 U.S. 668, (1984), for not calling Edwards at trial. Based on the state court record and the deferential standard of review in federal habeas cases where the state court has ruled on the merits, 28 U.S.C § 2254(d), Petitioner has failed to show entitlement to relief on either prong of the Strickland test with respect to his claim that trial counsel was ineffective for failing to call Edwards.

Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Amended Petition, ECF No. 23, the Report and Recommendation, ECF No. 36, and Petitioner's Objections thereto, ECF No. 39, the following Order is entered:

AND NOW, this 6th day of September, 2024,

IT IS HEREBY ORDERED that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2254, ECF No. 23, is DENIED. A certificate of appealability is DENIED. Petitioner's Objections, ECF No. 39. are OVERRULED and DISMISSED.

IT IS FURTHER ORDERED the Magistrate Judge's Report and Recommendation, ECF No. 36, as it is supplemented by this Order, is adopted as the opinion of this Court.

BY THE COURT:

s/Arthur J. Schwab
ARTHUR J. SCHWAB
UNITED STATES DISTRICT JUDGE

cc:   The Hon. Maureen P. Kelly
      United States Magistrate Judge

      All counsel of record (*via* CM/ECF)